UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL JOHNATHAN PANKEY,

    Defendant.

_____/

Case No. 17-20571

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE [40]**

Before the Court is *pro se* Petitioner Michael Johnathan Pankey's motion to vacate, set aside, or correct his sentence, brought under 28 U.S.C. § 2255. (ECF No. 40.) The Government filed a response in opposition to Petitioner's motion and Petitioner filed a reply. (ECF Nos. 47, 48.) The Court is familiar with the previous proceedings and has thoroughly reviewed the record. The motion, briefs, and record conclusively show Petitioner is not entitled to relief and an evidentiary hearing on this matter is not necessary. *See* 28 U.S.C. § 2255(b). For the reasons that follow, Petitioner's motion is DENIED.

**I.   Background**

In November 2018, Petitioner entered into and the Court accepted a Rule 11 plea agreement in which Petitioner pled guilty to production of child pornography, in violation of 18 U.S.C. § 2251(a) (Count One), and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count Three). (ECF No. 33.) As the basis for his guilty plea, Petitioner acknowledged the following facts:

> From on or about and between December 1, 2016 through on or about May 7, 2017, in the Eastern District of Michigan and elsewhere, the defendant knowingly employed, used, persuaded, enticed and coerced any minor—specifically, MV-1, a child born in 2011—to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and those visual depictions were produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means.
>
> Specifically, the Defendant befriended adult women who had female children. As to MV-1, Defendant offered to babysit MV-1 and MV-2 free of charge. While under their care, Defendant actively molested MV-1, with MV-2 laying in the bed with them. Defendant memorialized his abuse of MV-1 by taking photographs of it, using materials that had traveled in interstate commerce. The sexual abuse and images included Defendant penetrating MV-1's vagina with his finger.
>
> From on or about January 1, 2015 through on or about May 7, 2017, in the Eastern District of Michigan and elsewhere, Defendant did knowingly receive child pornography, that is, visual depictions of sexually explicit conduct involving prepubescent minors, or minors who had not attained 12 years of age, including, but not limited to, the lascivious exhibition of the genitals or pubic area as defined in 18 U.S.C. § 2256(8); and the images were transported in or affected interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2).

(ECF No. 33, PageID.87-88.) As two Michigan state-court cases were pending against Petitioner in Wayne and Washtenaw counties, the plea agreement in this case called for a recommendation from the government that Petitioner's federal sentence be run concurrently with any sentence imposed against Petitioner by the State of Michigan. (ECF No. 33, PageID.91.) Petitioner's guideline range was calculated to be life imprisonment, though the statutory maximums capped any sentence imposed to 30 years imprisonment on Count One and 20 years imprisonment on Count Three. Petitioner waived his right to

appeal his conviction and any sentence that did not exceed 600 months imprisonment. (ECF No. 33, PageID.96.)

On April 22, 2020, this Court granted a downward variance and sentenced Petitioner to 360 months imprisonment on Count One and 120 months imprisonment on Count Three, to be served consecutively for a total term of imprisonment of 40 years. (ECF No. 39.) Petitioner did not file an appeal. After sentencing, the Bureau of Prisons transferred Petitioner to the Michigan Department of Corrections to serve his state-imposed sentences. Petitioner is presently incarcerated in a state facility while serving concurrent state and federal sentences.

Petitioner filed the present motion on February 27, 2020, claiming that this Court lacked subject matter jurisdiction and several instances of ineffective assistance of counsel.

## II.    Standard of Review

Section 2255 allows a prisoner in custody under sentence of a federal court to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To prevail on the motion, a movant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). Relief is warranted "only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Griffin v. United States*, 330 F.3d 733, 736 (2003) (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)).

### III. Analysis

#### A. Subject Matter Jurisdiction Claim

Petitioner's subject matter jurisdiction claim fails because it is procedurally defaulted. "Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.' " *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003). Even then, a petitioner who seeks collateral review relief after failing to assert his claims previously "must clear a significantly higher hurdle than would exist on direct appeal." *Id.*

Petitioner does not claim to be actually innocent, nor does he show cause or prejudice. *See United States v. Samonek*, No. 12-14703, 2014 WL 2931829, at *2 (E.D. Mich. June 30, 2014) ("Cause requires a showing that 'some objective factor external to the defense' prevented him from raising the issue earlier, and prejudice requires that the alleged error worked to Defendant's 'actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.' " (citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Frady*, 456 U.S. at 170). But even if he could, or if he had appealed this issue, his claim lacks merit.

Petitioner argues there was no evidence that the images in question were transmitted online or from one device to another, but that is not the standard. To prove a

4

violation of 18 U.S.C. §2251(a), the Government must show, among other things, that the materials used to produce the visual depiction at issue had been mailed, shipped, or transported in or affected interstate commerce. 18 U.S.C. § 2251(a); *see also United States v. Andrews* 383 F.3d 374, 378 (6th Cir. 2004) (holding that "the government established a sufficient nexus" between the production of child pornography "and interstate commerce to establish jurisdiction" where the defendant used camera equipment and a computer that had been shipped in interstate commerce to take and view photos of prepubescent minor girls). This language was expressly included in Petitioner's plea agreement, which states: "those [child pornographic] visual depictions were produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means." (ECF No. 33, PageID.87.)  As addressed in more detail below, Petitioner entered the plea agreement knowingly and voluntarily and he cannot now change his acknowledgment of the facts therein—facts that are sufficient to establish jurisdiction.

      **B.**      **Alleged Instances of Ineffective Assistance of Counsel**

Petitioner also asserts that his conviction should be vacated because he was given ineffective assistance of counsel when (1) his attorney never explained that the Court could require that his sentences on the two counts be served consecutively; (2) his attorney did not challenge this Court's jurisdiction; (3) his attorney did not explain that Petitioner could be transferred to state custody; (4) his attorney did not object to the Government's assertion that he photographed a second child; (5) his attorney did not offer a "vigorous defense" of Petitioner's character or include other mitigating information in his sentencing memorandum; (6) his attorney allowed the Court to rely on a

5

competency exam administered by an agent of the Michigan State Police; (7) his attorney did not adequately explain the plea agreement or sentencing guidelines; and (8) his attorney allowed his "low opinion" of Petitioner to affect the caliber of his defense. (ECF No. 40, PageID.152-55.)

To establish a claim for ineffective assistance of counsel, a defendant must show that (1) his attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that this deficiency prejudiced the outcome. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); see also *United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2004). A reviewing Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir. 1997) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Based on this standard, Petitioner cannot establish he was given ineffective assistance of counsel in regards to any of the issues he raises.

> 1. *Counsel was not ineffective for an alleged failure to discuss the possibility of consecutive federal sentences*

Petitioner complains that his attorney informed him his sentences would run concurrently, and that he did not know there was a possibility of consecutive sentences. This complaint is contradicted by the record. Petitioner twice signed an acknowledgment of indictment that stated, "I have been informed and understand that if I am convicted or plead guilty, the Court may impose consecutive sentences." (ECF Nos. 15, 32.) On one of those documents, the word "consecutive" was underlined, presumably to draw Petitioner's attention to the word. (ECF No. 15.)

In addition, at the plea hearing on November 8, 2018, Petitioner's lawyer said that he had met with his client "several times" on the case, and that they spent "several hours"

6

discussing the Rule 11 plea agreement. (ECF No. 45, PageID.177.) The plea agreement states in bold text that Petitioner's guideline range was life imprisonment (ECF No. 33, PageID.89), then separately provides that Petitioner may be sentenced to a maximum of 50 years (*Id.* at PageID.91.) The guideline range and statutory maximum were also communicated to Petitioner during the plea hearing by the Government and Petitioner testified that he understood and agreed with those terms.  (ECF No. 45, PageID.186-88.)

Given the abundance of evidence in the record that Petitioner was aware of the possibility of consecutive sentences before he entered his plea, Petitioner fails to establish that counsel was deficient.

      2.    *Counsel was not ineffective for failing to challenge jurisdiction*

Petitioner also fails to show his attorney was unreasonable based upon counsel's failure to challenge this Court's jurisdiction. As discussed in more detail above, the Sixth Circuit has foreclosed Petitioner's argument that federal courts lack subject matter jurisdiction over production of child pornography charges where materials used to create or view the pornography were shipped in interstate commerce. *See Andrews*, 383 F.3d 374, 378 (6th Cir. 2004). And to the extent Petitioner suggests the Court lacked "territorial" jurisdiction because the photographs in question were created in Ypsilanti, Michigan, the Court notes that Ypsilanti is a city within the Eastern District of Michigan. Failing to make a motion that has no chance of success fails both prongs of the *Strickland* test. Thus, Petitioner has not shown his counsel was ineffective.

      3.    *Counsel was not ineffective for an alleged failure to alert Petitioner that he could serve his time in state custody*

Petitioner argues his counsel was ineffective for failing to alert Petitioner to the possibility that he could serve his concurrent federal and state-court sentences in a state

7

facility. This argument fails for two reasons. First, neither party, nor this Court, have any control over determinations made between BOP and MDOC regarding defendant's movements and status at either facility. And second, Petitioner fails to show how this lack of information prejudiced him. In order to make a claim under *Strickland*, Petitioner would have to show not only that counsel's performance was deficient, but also that "but for" that deficiency, the result would have been different. *Strickland*, 466 U.S. at 694. Given that Petitioner's custody placement or state sentence would not be affected by any advice that Petitioner's counsel could have provided, Petitioner fails to establish that relief is warranted.

    *4.    Counsel was not ineffective for failing to challenge the inclusion of an additional victim in the guidelines*

Petitioner argues that his attorney failed to challenge the Government's inclusion of an additional victim in his guideline calculations, but because the additional victim did nothing to alter the guideline range, Petitioner fails to show prejudice. *See Strickland*, 466 U.S. at 694 (holding that prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

The sentencing guidelines give a guideline range of life imprisonment for an offense level of 43 or higher. *Sentencing Guidelines Manual*, Chapter 5 Part A. Petitioner was given a base offense level of 44 for the production of child pornography charge. (ECF No. 33, PageID.103.) That level was increased for the additional count (Count Three) and for an additional victim, for a combined adjusted offense level of 46. (*Id.*) After adjustments to Petitioner's offense level for acceptance of responsibility (-3) and pursuant to § 4B1.5 (+5), Petitioner's total offense level was calculated to be 48 points. The maximum one-

8

unit increase for the additional victim would therefore not change Petitioner's guideline range.

     5.    *Petitioner was provided adequate assistance of counsel at sentencing*

Petitioner next claims that his counsel was ineffective for failing to provide potentially mitigating personal information in his sentencing memorandum. This claim is belied by the record as counsel's sentencing memorandum was objectively reasonable. He outlined Petitioner's difficult upbringing, physical and sexual abuse by family members, mental health issues, and suicide attempts. (ECF No. 38.) He also informed the Court of some of Petitioner's positive attributes such as his lack of alcohol and drug abuse, his education, and his work history. (*Id.*) In addition, Petitioner himself sent a letter to the Court giving his reasons for mitigation. All of this was reviewed and considered by the Court before imposing sentence. Petitioner therefore fails to meet either prong of the *Strickland* analysis.

     6.    *Counsel was not ineffective for relying on a state competency exam*

Petitioner also fails to establish how counsel was inefficient for relying on a competency evaluation from the Michigan Center for Forensic Psychiatry rather than a similar exam administered by the Bureau of Prisons. Both exams include similar comprehensive reviews of mental health and the state-ordered exam that was relied upon here is the same exam that is utilized for almost every case in the state of Michigan. There is no reason to believe that the result would have been different if his attorney had used a different evaluator to determine competency. Moreover, both the Court and defense counsel noted that Petitioner appeared to be competent at the plea hearing (ECF No. 45,

PageID.179, 191) with defense counsel noting at sentencing that he "had no doubt as to [Petitioner's] competence." (ECF No. 46, PageID.212.)

       7.    *Counsel was not ineffective for an alleged failure to explain the plea agreement or sentencing guidelines*

As discussed above, Petitioner's attorney did not provide deficient legal services regarding his explanation of the plea agreement and sentencing guidelines because the record demonstrates Petitioner's understanding. Petitioner cannot show that he did not enter a knowing plea.

For a guilty plea to be valid, it must be both knowing and voluntary. *Brady v. United States*, 397 U.S. 742, 748 (1970). A district court, in accordance with Rule 11 of the Federal Rules of Criminal Procedure, must "verify that the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *Id.* at 378-79 (citing *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir. 1988).

At the plea hearing in this case, the Government went over the charges to which Petitioner was pleading guilty including the factual basis for those charges and maximum and minimum sentences. (See ECF No. 45, PageID.175-76.) Petitioner indicated that he had discussed the case with his attorney and that he was satisfied with his attorney's advice and with the legal services performed on his behalf. (*Id.* at PageID.179.) This Court then explained to Petitioner his constitutional rights and consequences of a guilty plea before inquiring whether he understood and wished to waive those rights in order to plead guilty, which he did. (*Id.* at 180-81.)

In *Baker v. United States*, 781 F.2d 85 (6th Cir. 1986), the Sixth Circuit affirmed a district court's denial of habeas relief, without an evidentiary hearing, based on a similar claim. The *Baker* petitioner argued that he was induced to plead guilty by an unwritten, and later broken, promise that the Government would not take a position at sentencing. *Id.* at 87-88. But on the record at the plea hearing, the district court advised Baker that he must answer questions truthfully, under penalty of perjury. *Id.* at 89. And when questioned directly regarding whether anyone made a promise or representation that enticed him to enter the guilty plea, the Baker petitioner indicated his understanding that the Government would dismiss a separate indictment, but that no other promises or representations were made. *Id.* at 88-89. The Court held that, "where the court has scrupulously followed the required procedure, 'the defendant is bound by his statements in response to that court's inquiry.' " *Baker*, 781 F.2d at 90 (citing *Moore v. Estelle,* 526 F.2d 690, 696-97 (5th Cir. 1976).

The same is true here where both the Government and the Court followed the required procedure by verifying that Petitioner's plea was voluntary, and that he understood his rights, the nature of the crimes charged, the consequences of his guilty plea, and the factual basis for the guilty plea. Petitioner stated under oath that he understood the charges against him as well as the consequences of his guilty plea. He cannot now allege in a habeas motion that he did not understand, particularly when the Court gave him ample opportunity to do so before accepting the plea. The Court holds that Petitioner's plea was knowing and voluntary and that his attorney's representation was reasonable.

### 8. *Petitioner received adequate assistance of counsel*

Petitioner asserts in his final claim that his attorney "compared [him] to a rapist and said, 'you're not as smart as you think you are' " and that his "low opinion" of Petitioner affected the vigor of his representation at all stages. But, as discussed throughout, this Court finds no evidence that Petitioner's attorney provided anything less than constitutional representation, and no evidence that Petitioner was prejudiced in any way by the actions or inactions of counsel. Thus, without more, Petitioner's vague final claim fails to meet the standard set forth in *Strickland*.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22(b) provides that a petitioner cannot take an appeal in § 2255 proceeding unless a certificate of appealability is issued under 28 U.S.C. § 2253(c). Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and citation omitted). Because Petitioner has failed to show that reasonable jurists could debate whether his petition should have been resolved in a different matter, the Court denies him a certificate of appealability.

### V.       Conclusion

For the foregoing reasons, Petitioner's § 2255 motion is (ECF No. 40) is hereby **DENIED**.

**SO ORDERED.**

                                                  s/Nancy G. Edmunds  
                                                  Nancy G. Edmunds  
                                                  United States District Judge

Dated: March 14, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2023, by electronic and/or ordinary mail.

                                                  s/Lisa Bartlett  
                                                  Case Manager